IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PATRICK TOUSSAINT,             :
        Plaintiff,    :
    v.                         :  Civil Action No. 05-443J
DAVID GOOD, et al.,            :
        Defendants    :

Report and Recommendation

Recommendation and Order

Defendants moved to dismiss the complaint, docket no. 23, and I advised the parties that the motion to dismiss would be treated as a motion for summary judgment and that plaintiff should submit all evidence relevant to his claim that he has suffered any injury. docket no. 26, citing Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986). Having received plaintiff's response, docket no. 30, I recommend summary judgment be entered in favor of all defendants.

Report

Plaintiff is an inmate at S.C.I. Cresson who has filed numerous complaints against personnel employed by the Pennsylvania Department of Corrections, alleging that they have violated his constitutional rights. The present complaint alleges three claims: 1) that defendants have injured his right of access to court; 2) that defendants are torturing him by forcing him to cell with inmates he fears or does not like; and 3) defendants have retaliated against him for filing grievances.

A prisoner's right of access to court is protected in a line of cases following Bounds v. Smith, 430 U.S. 817 (1977), which

variously describe the right either as flowing from the First Amendment's right to petition for redress of grievances or as an aspect of due process. See Lewis v. Casey, 518 U.S. 343, 366-67 (1996) (Thomas, J., concurring). A cause of action is stated by alleging that the named defendant: 1) interfered with; 2) the defense against a criminal charge or a direct appeal or collateral attack on a criminal conviction, a habeas corpus petition, or a nonfrivolous attack on conditions of confinement. See 518 U.S. at 353 n.3 and 355. At the summary judgment stage, Federal Rule of Civil Procedure 56(c) requires the entry of summary judgment if there is no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-248 (1986). A fact is "material" if proof of its existence or non-existence would affect the outcome of the lawsuit under the substantive law applicable to the case. 477 U.S. at 248. An issue of material fact is "genuine" if the evidence is such that a reasonable jury might return a verdict for the non-moving party. 477 U.S. at 257. Once the moving party has satisfied its burden of identifying evidence which demonstrates the absence of a genuine issue of material fact, see Childers v. Joseph, 842 F.2d 689, 694 (3d Cir.1988), the non-moving party is required to go beyond the pleadings by way of affidavits, depositions, answers to interrogatories, etc., in order to demonstrate specific material facts which give rise to a genuine issue. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). While

plaintiff alleged in his complaint that he was deprived of access to court, he fails to show that any deprivation in fact occurred. See Lewis v. Casey, 518 U.S. at 351:

> [An inmate plaintiff] might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

In the absence of any evidence of injury, summary judgment must be entered for the defendants on this claim.

As for the claim that plaintiff has been injured by the defendant corrections officers giving him the choice between celling with inmates he does not like or going to the RHU, plaintiff alleges no actionable injury. In 1996, Congress enacted the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), Section 803(d) of which amended 42 U.S.C. § 1997e by adding subsection (e), entitled "Limitation on Recovery." Section 1997e(e) now provides:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

Plaintiff does not allege, much less present, evidence of any physical injury. Summary judgment should be entered on this second claim.

Finally, plaintiff alleged the now-universal claim that because he filed numerous grievances, all actions by the defendants

3

that he does not like are retaliation in violation of his constitutional right to file grievances. <u>Mitchell v. Horn</u>, 318 F.3d 523, 530 (3d Cir.2003) held that the elements of a retaliation claim were: (1) that the plaintiff took some action itself protected by the constitution (2) that the defendant took adverse action against the plaintiff sufficient to deter a person of ordinary firmness from persisting in his conduct, and (3) that there was a causal connection between the plaintiff's protected conduct and the adverse action. I doubt that the constitution confers any right to file administrative grievances. Based on other civil cases, however, personnel presently in the Pennsylvania Attorney General's Office appellate division apparently concede that filing grievances is protected activity. I look therefore for any evidence sufficient to create a genuine issue of fact as to the second and third elements of a retaliation claim. Plaintiff obviously is not himself deterred from filing complaints by any alleged retaliatory sanction defendants have imposed. More importantly, plaintiff shows no evidence whatsoever that there is any causal connection between the filing of grievances and any sanction imposed on him. It is important to distinguish between retaliation for the filing of complaints, which would violate the constitution, and punishment for the filing of frivolous or insulting complaints, which would not. The former violates the inmate's constitutional rights because it punishes him for an act,

4

filing a complaint, which itself is protected. The latter does not because the contents of a complaint can be judged on their merits: just as this court can punish a litigant under Fed.R.Civ.P. 11 (and other provisions) for the content of a pleading without "retaliating" against a litigant, so the Pennsylvania Department of Corrections can sanction an inmate who abuses the grievance system without facing a federal lawsuit. Plaintiff presents no evidence that any sanction ever imposed on him was the response to his act of filing a complaint or a grievance. Summary judgment should therefore be entered in favor of the defendants on the third claim as well.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have ten days to serve and file written objections to this Report and Recommendation.

DATE: 4 October 2006

Keith A. Pesto,
United States Magistrate Judge

Notice to:

> Patrick Toussaint DG-1620
> S.C.I. Cresson
> P.O. Box A
> Cresson, PA 16699-0001
>
> Mary Lynch Friedline, Esquire
> 6th Floor Manor Complex
> 564 Forbes Avenue
> Pittsburgh, PA 15219

5