IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PATRICK TOUSSAINT,  :
    Plaintiff,  :
    v.  :  Case No. 3:05-cv-443-KRG-KAP
DAVID GOOD, et al.,  :
    Defendants  :

## Report and Recommendation

### Recommendation

Defendants and plaintiff were ordered to file cross motions for summary judgment on the remaining claim that defendants retaliated against plaintiff for filing grievances. Defendants' motion, docket no. 63, should be granted for lack of opposition and on the merits.

### Report

Plaintiff, incarcerated in S.C.I. Cresson, filed a complaint in 2005 alleging that defendant employees of the Pennsylvania Department of Corrections violated his constitutional rights in several ways. In October 2006, having converted defendants' motion to dismiss into a motion for summary judgment, I recommended summary judgment for the defendants. docket no. 31. The Court accepted my recommendation. docket no. 33. In May 2008, the Court of Appeals for the Third Circuit held that I erred in recommending summary judgment on the plaintiff's retaliation claim, docket no. 58-2, because defendants had not specifically moved for dismissal or summary judgment on that claim. See docket no. 24. On remand, I ordered the parties to file cross motions for summary judgment on the disputable elements of the retaliation claim.

Defendants moved for additional time, docket no. 61, and filed a well supported motion for summary judgment, docket no. 63, docket no. 64, docket no. 65; plaintiff neither requested additional time nor filed any motion. Defendants' motion could be granted for lack of opposition. See Fed.R.Civ.P. 56(e)(2). Taking the record as given by defendants' unopposed statement of material facts, docket no. 65, summary judgment should be entered for defendants on the merits.

Federal Rule of Civil Procedure 56(c) requires the entry of summary judgment when there is no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-248 (1986). (emphasis in original). A fact is "material" if proof of its existence or non-existence would affect the outcome of the lawsuit under the substantive law applicable to the case. 477 U.S. at 248. An issue of material fact is "genuine" if the evidence is such that a reasonable factfinder could find in favor of the non-moving party. 477 U.S. at 257.

After Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir.2003), the three elements of a retaliation claim are: (1) that the plaintiff took some action itself protected by the constitution; (2) that the defendant took adverse action against the plaintiff sufficient to deter a person of ordinary firmness from persisting in his conduct; and (3) that there was a causal connection between the plaintiff's protected conduct and the adverse action. If

plaintiff produces evidence sufficient to establish a prima facie case, a defendant may still prove the affirmative defense that he "would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." Rauser v. Horn, 241 F.3d 330, 334 (3d Cir.2001).

The record of this matter, see docket no. 65, even construed as favorably to the inmate as possible, does not present a genuine prima facie case[1]. As defendants point out, docket no. 64 at 8-10, plaintiff's claims of retaliation are based on the issuance of a citation in August 2005 by a non-defendant corrections officer named Hajduk, the issuance of a citation in October 2005 by a non-defendant corrections officer named Saylor, and the issuance of a citation in November 2005 by defendant corrections officer Green. In each case plaintiff received a hearing before a hearing officer. The hurdle to demonstrating a prima facie case that plaintiff does not try to surmount is that the "retaliation" alleged by plaintiff cannot be the mere issuance

---

1. Plaintiff's claim of retaliation from the outset asserts the valid conditional proposition: "1) if defendants were to retaliate against plaintiff for filing grievances they could do so by filing disciplinary citations in response;" combined with the undisputed factual assertion: "2) plaintiff filed grievances and defendants subsequently filed citations against plaintiff;" to draw the invalid conclusion: "3) the sanctions against plaintiff were retaliatory." This is the fallacy of affirming the consequent introduced in the elementary study of logic, often in the form: 1) if there were an invisible cat in the room I couldn't see it; 2) I can't see any cats; 3) therefore there is an invisible cat in the room.

3

of a citation by a corrections officer's, because issuance of a citation only puts the inmate plaintiff into the intra-prison disciplinary process: the punishment which is the constitutionally significant adverse action was in this case imposed after a hearing before a hearing officer who is not obviously connected with the corrections officer who issued the citation. Plaintiff, to establish a prima facie case of retaliation, must come forward with some evidence that the hearing officer who imposed the disciplinary sanction had some retaliatory animus. Because there is no evidence that in the vast majority of cases an inmate grievance results in anything other than minor annoyance in the form of additional paperwork to the corrections officer, it is doubtful that an inmate should be able to rely on the mere temporal sequence of inmate grievance followed by corrections officer citation to generate a permissible inference of retaliatory animus on the part of a corrections officer. But the hearing officer, by the nature of the office, is normally removed from direct contact with an inmate and with the corrections officer's chain of command. There must be concrete evidence that a hearing officer's action in imposing a sanction on an inmate plaintiff was retaliatory: plaintiff's argument that the hearing officer's retaliatory animus in imposing a disciplinary sanction can be presumed from the presence elsewhere in the prison system of an employee with a culpable state of mind because one corrections officer will send another "to finish their

dirty work," see docket no. 32 at 10, is the very kind of allegation without evidence that motions practice under Rule 56 is designed to screen out.

Summary judgment should be entered for the defendants.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have ten days to serve and file written objections to this Report and Recommendation.

DATE: July 15, 2008

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record and by U.S. Mail to:

Patrick Toussaint DG-1620
S.C.I. Cresson
P.O. Box A
Cresson, PA 16699-0001